UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CHANTEL LEWIS-CUMMINGS, § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:21-CV-03496 |
| § | |
| AMAZON.COM SERVICES, LLC, § | |
| Defendant. § | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Amazon.com Services, LLC's ("Amazon") motion to enforce settlement agreement. (Dkt. 38).

### I.   BACKGROUND

Plaintiff Chantel Lewis-Cummings ("Lewis-Cummings") filed this employment discrimination lawsuit under Title VII of the Civil Rights Act of 1964 against Amazon, her former employer, after the termination of her employment. (Dkt. 1). The parties advised the Court that they reached an agreement to settle this matter. (Dkt. 33). The Court entered a Conditional Dismissal Order the same day and dismissed the case without prejudice unless any party informed the Court that the settlement could not be completely documented. (Dkt. 34). The parties signed and entered into a settlement agreement. (Dkt. 38-2).

The parties' obligations under the agreement are clear and unambiguous. However, Lewis-Cummings refused to honor the terms of the agreement and requested that the Court

grant summary judgment in her favor against Amazon in this action. (Dkt. 35). Amazon subsequently filed the pending motion to enforce the agreement.

Lewis-Cummings asserts that the agreement should not be enforced because Amazon "committed fraud, had intentional ill intent" and lacked "integrity" in executing the settlement agreement and the settlement has caused a "financial strain" on her. (Dkt. 37 at pp. 12, 18, 20; Dkt. 42 at p. 16). Specifically, Lewis-Cummings alleges that Amazon made false representations or omissions regarding (1) the form of the settlement payment, (2) Amazon's intent to honor certain terms of the agreement, (3) the implications of the payment on Lewis-Cummings's tax liability, (4) Amazon's internal processing of the payment, and (5) the effect of the settlement on her Amazon stock holdings. She argues that this conduct fraudulently induced her to execute the settlement agreement and, as a result, the agreement is void. (Dkt. 42 at p. 11). The Court held an evidentiary hearing in this case to, among other things, determine that factual basis for Lewis-Cummings's claims. (Dkt. 47). For the reasons set out below, the motion to enforce is **GRANTED**.

## II.    LEGAL STANDARDS

"[F]ederal contract law is largely indistinguishable from general contract principles under state common law," so the Court may rely on federal cases and state contract law—here, Texas—to analyze the enforceability of a contract. *Young v. BP Expl. & Prod., Inc.*, *(In re Deepwater Horizon)*, 786 F.3d 344, 354 (5th Cir. 2015) (internal quotation marks and footnotes omitted); *Lopez v. Kempthorne*, No. H-07-1534, 2010 WL 4639046, at *4 (S.D. Tex. 2010) ("The federal law of contracts 'uses the core principles of the common

law of contracts that are in force in most states") (quoting *Smith v. United States*, 328 F.3d 760, 767 n.8 (5th Cir. 2003)). In Texas, "[s]ettlement agreements are governed by the law of contracts." *Schriver v. Tex. Dep't of Transp.*, 293 S.W.3d 846, 851 (Tex. App.—Fort Worth 2009, no pet.); *see also Guidry v. Halliburton Geophysical Servs., Inc.*, 976 F.2d 938, 940 (5th Cir. 1992) (Under the common law, "[a] settlement is a contract.").

Binding and enforceable contracts are formed when an offer is made and accepted, when there is a meeting of the minds, and when the terms are set forth with enough detail to define the parties' obligations. *Am. Heritage Life Ins. Co. v. Lang*, 321 F.3d 533, 538 (5th Cir. 2003). "In order for a court to enforce a contract, the parties must agree to the essential terms of the contract." *Disney v. Gollan*, 233 S.W.3d 591, 595 (Tex. App.—Dallas 2007, no pet.). "The essential terms for a settlement agreement are the amount of compensation and the liability to be released." *Id*.

"One who attacks a settlement must bear the burden of showing that the contract he has made is tainted with invalidity," such as fraud practiced upon her. *Mid.-S. Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 392 (5th Cir. 1984). To show fraudulent inducement to enter a settlement, a plaintiff must prove that there was (1) a material representation; (2) the representation was false; (3) the speaker knew the representation was false or made it recklessly; (4) the representation was made with intention that the plaintiff act on it; (5) the plaintiff acted in reliance on the representation; and (6) the plaintiff suffered injury. *In re Deepwater Horizon*, 786 F.3d at 363. To show fraudulent inducement by omission or non-disclosure, among other things, the plaintiff must show that the defendant had a duty to

disclose the information at issue but deliberately remained silent. *See Plastic Specialties, Inc. v. JPMorgan Chase Bank, N.A.*, 476 F. Supp. 3d 523, 2020 WL 4504605, at *3 (W.D. Tex. 2020) (citations omitted).

### III.   ANALYSIS

Lewis-Cummings alleges five categories of false representations or omissions by Amazon that constitute fraudulent inducement and that, she argues, requires the Court to void the settlement agreement. First, Lewis-Cummings asserts that Amazon fraudulently induced her to execute the settlement agreement by falsely representing that she would receive the settlement payment in the form of a check and then tendering payment in the form of an electronic payment to her bank account. However, the record establishes that Amazon never made this representation. Although there were casual discussions that there would be a "check" issued, Amazon clearly stated to Lewis-Cummings before the settlement agreement was executed *and specifically in the settlement itself* that the payment would be "in the form of an electronic fund transfer[.]" (Dkt. 38-2 at p. 6). Upon Amazon's request, Lewis-Cummings even provided her personal banking and routing numbers to Amazon's counsel for purposes of receiving an electronic payment to settle this lawsuit. (Dkt. 38-4 at p. 3). Furthermore, there is no evidence establishing how this alleged misrepresentation was material to Lewis-Cummings's decision to settle or how Lewis-Cummings would be damaged by receiving a check instead of an electronic funds transfer. *See In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 758 (Tex. 2001) (noting fraud in the inducement requires showing of "false *material* representations" (emphasis added)); *Ernst*

*& Young v. Pacific Mut. Life Ins. Co.*, 51 S.W.3d 573, 577 (Tex. 2001) (same). Accordingly, this alleged misrepresentation cannot serve as a basis for voiding the settlement agreement.

Second, Lewis-Cummings asserts that Amazon fraudulently induced her to execute the settlement agreement by falsely representing in the settlement agreement that it would update her termination date in its HR system. The record establishes that Amazon's representation was not false. Pursuant to the terms of the settlement agreement, Amazon agreed to "update [Lewis-Cummings's] end of employment date in its Human Resources information system to reflect the date of Lewis-Cummings's execution of this Agreement[.]" (Dkt. 38-2 at p. 5). The record establishes that Amazon did in fact update Lewis-Cummings's end of employment date as required under the terms of the settlement agreement. Contrary to Lewis-Cummings's arguments during the hearing, the fact that an Amazon third-party vendor may not have timely updated its own records to reflect the date the settlement agreement was executed does not provide any basis for voiding the settlement agreement.

Third, Lewis-Cummings asserts that Amazon fraudulently induced her to execute the settlement agreement because "at no point" did Amazon tell her that it "would be taxing her for 3 years back taxes." (Dkt. 42 at p. 12). The record establishes that Amazon did not fraudulently omit any information to Lewis-Cummings during settlement negotiations regarding the taxes to be taken out of the settlement proceeds. The agreement specifically states that the settlement payment would be "less FICA, federal and state income taxes,

and any other legally required deductions." (Dkt. 38-2 at p. 3). Amazon did not owe Lewis-Cummings any duty to explain the tax implications of the settlement agreement in greater detail than it did in the settlement agreement. The record establishes that Amazon was not Lewis-Cummings's lawyer, financial advisor, nor accountant and did not otherwise owe a legal duty to Lewis-Cummings regarding the tax implications of the settlement agreement. Under these circumstances it was the responsibility of Lewis-Cummings to understand the specific impact the settlement agreement would have on her personal tax situation. It was not Amazon's duty to research this issue and explain it to her. Accordingly, "the Court finds that [Lewis-Cummings's] failure to understand the tax consequences of the payment structure contained in the Settlement Agreement does not impact the validity of the Settlement Agreement." *Fields v. SBC Comms., Inc. Disability Income Plan*, No. A-11-CV-1022-AWA, 2014 WL 2765687, at * 5 (W.D. Tex. June 18, 2014).

Fourth, Lewis-Cummings, citing § 207.049(2) of the Texas Unemployment Compensation Act ("Act"), asserts that Amazon fraudulently induced her to execute the settlement agreement because "at no point" did Amazon tell her that it "would be illegally processing [her] settlement pay as severance pay" and that this action would result in a tax liability. (Dkt. 42 at p. 12). The record establishes that Amazon did not fraudulently omit any information given to Lewis-Cummings regarding its internal processing of the settlement. As discussed above, Amazon did not owe Lewis-Cummings any duty to explain the tax implications of the settlement agreement in greater detail than it did in the settlement agreement.  Furthermore, the Act does not make it illegal for an employer to code

settlement pay as "severance" in its payroll systems nor is this action prohibited by the settlement agreement.[1]  Accordingly, this allegation cannot be the basis for voiding the settlement agreement.

Finally, Lewis-Cummings asserts that Amazon fraudulently induced her to execute the settlement agreement because "at no point" did it disclose that her Amazon restricted stock units ("RSUs") would be affected by the settlement terms and that part of this affect would be to increase her tax liability. (Dkt. 53 at p. 8). Specifically, she alleges that following the execution of the agreement, Amazon vested certain of her RSUs and sold them "for a profit" without her prior knowledge or permission. (Dkt. 35 at p. 3; Dkt. 42 at p. 14). The Court finds that Amazon did not fraudulently omit any information to Lewis-Cummings regarding her RSUs nor were its actions unlawful in any way. The record establishes that the RSUs vested because Amazon complied with Lewis-Cummings's specific request in the settlement agreement to update her termination date in the HR system as of the date of the execution of the agreement.  This action resulted in the unexpected issuance of additional RSUs to Lewis-Cummings. Pursuant to the agreement governing the parties' stock issuances, Amazon sold a portion of the stock to cover the taxes for the additional stock vesting. Amazon did not sell her stock "for profit." Under these circumstances Amazon did not owe a duty to Lewis-Cummings to disclose any information regarding the impact of the settlement on her RSUs. Accordingly, the Court

---

[1] The provision of the Act that Lewis-Cummings appears to be referring to only applies to determine when a claimant may or may not receive unemployment benefits. *See,* § 207.049(b)(1) of the Texas Unemployment Compensation Act.

finds that Amazon's alleged actions with respect to Lewis-Cummings's RSUs cannot serve as a basis for voiding the settlement agreement.

The Court also finds that there is no equitable basis for voiding the settlement agreement as suggested by Lewis-Cummings. Although she was initially represented by counsel in this case, at some point Lewis-Cummings decided to terminate this relationship and represent herself pro se and negotiate the settlement on her own. The record establishes that Lewis-Cummings possesses a level of business acumen and sophistication sufficient to negotiate and understand the terms of her settlement.² Among other things she is a college graduate with a degree in marketing and worked as an area manager for Amazon, a multinational company. Furthermore, Amazon did not discourage or prevent Lewis-Cummings from hiring a lawyer, accountant or financial advisor to review the settlement documents before she executed them. And notably in the settlement agreement Lewis-Cummings specifically acknowledges that she did not rely on any representations by Amazon not specifically contained in the agreement to make her decision to sign the agreement.³

## CONCLUSION

---

² The Court notes that although Lewis-Cummings is not an attorney, her pro se legal research and briefing in this case are in large part as professional as some of the briefing the Court receives from regular federal court practitioners.

³ *See* (Dkt. 38-2 at ¶ 19) ("Lewis-Cummings acknowledges that she has not relied on any representations, promises or agreements of any kind made to her in connection with her decision to accept the terms of this Agreement, except for the representations, promises and agreements herein.").

The record strongly suggests that now, because she either has buyer's remorse or is unhappy with the income tax implications of the settlement, Lewis-Cummings seeks to completely undo the agreement that the parties have negotiated. This she cannot do. As courts have held under these circumstances, a litigant "may not disavow [a settlement agreement] made and approved, for avoiding the bargain would undermine its contractual validity, increase litigation, and impair efficient judicial administration." *White Farm Equip. Co. v. Kupcho*, 792 F.2d 526, 528 (5th Cir. 1986).

The Court finds that Amazon did not fraudulently induce Lewis-Cummings to sign the settlement agreement and she is legally bound to comply with its terms. Accordingly, the Court will enforce the settlement agreement, which resolves all claims and all parties, and dismiss this case with prejudice.

Amazon's motion to enforce settlement agreement (Dkt. 38) is **GRANTED**. This case is **DISMISSED WITH PREJUDICE**. The Court will enter a separate final judgment.

SIGNED at Houston, Texas on March 25, 2024.

                                                                        GEORGE C. HANKS, JR.
                                                                     UNITED STATES DISTRICT JUDGE